FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2002 APR 18  P 4:31

SIGN_____
BY DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE | : CIVIL ACTION NO. 02-393 B-M2<br>:<br>:<br>:<br>: DIVISION _____ |
| VERSUS | : |
| DOUGLAS DORHAUER | : |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, a Louisiana constitutional corporation (hereinafter sometimes referred to as the "LSU System"), with the direction, control, supervision and management of Louisiana State University and Agricultural and Mechanical College and each of its respective campuses and colleges, including the Baton Rouge campus of Louisiana State University and Agricultural and Mechanical College, which includes the Paul M. Hebert Law Center (hereinafter collectively referred to as "LSU"), who with respect pleads as follows:

## PARTIES

1. Made Defendant herein is Douglas Dorhauer, an individual of the full age of majority and who resides in East Baton Rouge Parish, Baton Rouge, Louisiana.

## JURISDICTION

2. This is an action for (i) trademark and service mark infringement, dilution, and false designation of origin arising under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. §§ 1051 *et. seq.*); and for related state law causes of action for (ii) trademark infringement under La. R.S. 51:222 and for dilution under La. R.S. 51:223.1; (iii) unauthorized commercial use of marks belonging to an educational institution arising under La. R.S. 51:224; and (iv) unfair trade practices under La. R.S. 51:1401 *et. seq.* This court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act), 28 U.S.C. §1331 (federal question), 28 U.S.C. §1338(a) (acts of Congress relating to trademarks) and under the principles of pendent jurisdiction pursuant to 28 U.S.C. §1367.

## VENUE

3. Venue is proper in the Middle District of Louisiana pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

4. Louisiana State University and Agricultural and Mechanical College was founded in 1860 and is the flagship educational institution for the State of Louisiana. LSU has been designated by the Louisiana Board of Regents as the state's only comprehensive university. LSU is also designated a Research University I, one of only 70 universities – 45 public and 25 private – to have this designation. LSU is one of only 25 universities in the nation to hold the status of both a land-grant and sea-grant institution.

5.    The LSU Community includes nearly 35,000 faculty, staff, and students from every state and more than 100 countries as well as approximately 140,000 alumni throughout the world. LSU's alumni, faculty, staff, students and fans take pride both in LSU's athletic achievements and its academic excellence. This tradition and spirit has produced a great demand for products bearing the trademarks, logos, or other symbols or indicia (hereinafter collectively referred to as "Marks") of LSU.

6.    Although LSU's substantive, proprietary rights to its Marks arise from prior use dating back many decades, LSU's Collegiate Licensing Program was formally instituted in 1981 in response to the growing demand for insignia merchandise (hereinafter referred to as the "Licensing Program"). LSU's Licensing Program was instituted to establish uniform standards for the commercial use of the University's name, logos, trademarks, slogans, symbols and other indicia and was approved under the authority of the LSU System. These LSU Marks include, but are not limited to, "Louisiana State University," "LSU," "Tiger," "Tigers," the colors purple and gold, and a tiger face, used alone or in combination in such a way that trades upon the reputation and goodwill of LSU.

7.    Many LSU Marks have been registered with the United States Patent and Trademark Office and with the Louisiana Secretary of State, including particularly the "LSU" service mark. Attached hereto as "Exhibit 1" is a true and correct copy of the United States Patent and Trademark Office certificate of registration. In addition, designated LSU Marks are registered internationally in approximately fifteen (15) other countries.

8.    Since its inception in 1981, LSU's Licensing Program for merchandise has alone generated nearly Six Million Dollars ($6,000,000,00) in royalties for LSU, of which nearly One Million Dollars ($1,000,000.00) has been received since the 1998-1999 fiscal year.

9. Since 1991, LSU has been represented by the Collegiate Licensing Company for licensing of LSU Marks within the United States and by Crossland Enterprises International for the licensing of LSU Marks outside of the United States. The Collegiate Licensing Company represents all but two (2) universities in the Southeastern Conference as well as institutions in other conferences.

10. Currently, approximately five hundred and sixty-three (563) companies are licensed through the Collegiate Licensing Company to use LSU Marks in association with consumer products. In all cases, LSU reserves the right to review proposed products. In addition, LSU reviews the specific way in which its Marks are used in designs to be placed on products to assure that such use is in good taste and otherwise reflects positively upon LSU.

11. In addition to consumer products, licensed promotional use of LSU marks is also provided through Corporate Sponsorships and other marketing activities of the LSU Athletic Department, which includes existing exclusive sponsorship agreements with Coca-Cola, EATEL and Banc One, which are worth millions of dollars in annual licensing revenues to LSU.

12. In protecting its rights to its Marks, LSU monitors retail outlets, periodicals and other media to identify unauthorized uses. When unauthorized use occurs, efforts are made by telephone, meetings and correspondence to resolve such unauthorized use amicably if possible but within the legal right and fiduciary responsibility of LSU to protect its Marks. During the history of its Licensing Program, such means have been successful on most occasions; however, if the unauthorized use is not so resolved, LSU, through its legal counsel, employs formal cease and desist notices and, if necessary, files suit to protect the considerable proprietary and economic interest that it has in its Marks.

13. The Paul M. Hebert Law Center at Louisiana State University is an educational component of LSU and under the direction and control of the LSU System (hereinafter referred to as the "LSU Law Center").

14. The LSU Law Center operates as a law school and maintains an informational website using the domain name "law.lsu.edu," which is an integral part of the LSU Law Center's efforts to attract new students and to disseminate important information about the LSU Law Center.

15. LSU recently became aware of a website which appears in purple and gold lettering and graphics, incorporates the name LSU Law School, and is titled and using the domain name "lsulaw.com." Attached hereto as "Exhibit 2" is a true and correct copy of the "lsulaw.com" homepage.

16. During its investigation, the LSU has discovered that the "lsulaw.com" website is owned and operated by Defendant, Douglas Dorhauer.

17. Defendant, by his unauthorized use of the LSU's registered logo, "LSU," is offering his services using LSU Marks and trade names together in such a way that the individual marks combine to trade upon LSU's goodwill.

18. The Defendant's website identified herein capitalizes upon the goodwill and value of the LSU Marks by creating a mental association with LSU.

19. The "lsulaw.com" site, taken as a whole, is confusingly similar to products and services legally carrying the LSU Marks and has created actual confusion in the minds of the public as to the source of the information contained in the site.

20. The infringing site is likely to continue to cause confusion in the future. As examples of the website features which combine to cause confusion in the minds of the public, LSU cites the following nonexclusive facts:

(a) "lsulaw.com" uses the letters "LSU," both individually and in conjunction with the term "law,"

(b) "lsulaw.com" incorporates the colors purple and gold in its website visual design, and in conjunction with the letters "LSU,"

(c) "lsulaw.com" contains content about the LSU Law Center including a calendar of events and important dates for students at the LSU Law Center,

(d) "lsulaw.com" features "deep-links" to the official websites of the LSU Law Center **and** Louisiana State Univeristy, and

(e) "lsulaw.com" features "deep-links" to legal sources and content.

21. Irrespective of mental associations or likelihood of confusion, the unauthorized use of the LSU Marks, as employed in the referenced website, also dilutes the distinctive quality of the LSU Marks in direct violation of La. R.S. 51:223.1.

22. In addition, the use of the LSU Marks in the Defendant's website is without the express written consent of LSU and is therefore also in direct violation of La. R.S. 51:224.

23. LSU has made several amicable requests to the Defendant to cease any further unauthorized use of the LSU Marks, including: (a) conversations between Professor Glenn Morris, Vice Chancellor for Financial Affairs, and the Defendant; and (b) various correspondence to Defendant which requested that he discontinue his unauthorized use of LSU Marks (copies of such correspondence by undersigned legal counsel for LSU may be viewed on Defendant's website at

"lsulaw.com"). Despite LSU's amicable efforts to informally resolve this dispute, Defendant has continued in the unlawful practices herein described.

24    Defendant's infringement of the LSU Marks has been willful and deliberate, designed specifically to trade upon the goodwill associated with LSU's Marks.

25.   Defendant's use of the LSU marks has, to LSU's detriment, resulted in the dilution of the exclusive rights and associations which LSU formerly enjoyed in the LSU Marks. If continued, such dilution could lead to even further diminution of the distinctive quality of the LSU marks. Furthermore, LSU has no control over the quality of the service advertised and/or offered by Defendant.

26.   In addition to the injuries and damages set forth hereinabove, Defendant's unauthorized use of LSU Marks could subject LSU to future litigation and potential legal exposure should Defendant's services and/or products cause harm to any third party.

27.   In his correspondence to the University's legal counsel, Defendant has advised that he will not revise his website as LSU requests. Defendant's continued refusal to cease operation of his infringing website has necessitated the filing of legal proceedings against Defendant to enforce LSU's proprietary rights.

## FIRST COUNT
## TRADEMARK INFRINGEMENT
(15 U.S.C. §1114)

28.   LSU hereby reasserts and realleges each and every allegation set forth in Paragraphs 1 through 27, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

29. Defendant knowingly used LSU's Marks by copying, colorably imitating, and reproducing LSU's Marks in connection with Defendant's website, without LSU's consent. Defendant's use in commerce of LSU's Marks has caused actual confusion, and is likely to cause confusion to, or to cause mistake, or to deceive the public.

30. By reason of the foregoing intentional and unlawful acts, Defendant has violated and continues to violate 15 U.S.C. §1114.

31. Pursuant to 15 U.S.C. §1116, LSU is entitled to an injunction permanently restraining Defendant, his successors or assigns, and all persons acting in concert with him, if any, from engaging in any further such acts in violation of 15 U.S.C. §1114.

32. Pursuant to 15 U.S.C. §1117, LSU is further entitled to recover from Defendant, any profits or damages that LSU has sustained and will continue to sustain as a result of Defendant's willful and knowing acts of infringement alleged above.

### SECOND COUNT
### TRADEMARK INFRINGEMENT
### (LA. R.S. §51:222)

33. LSU hereby reasserts and realleges each and every allegation set forth in Paragraphs 1 through 32, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

34. By reason of the foregoing intentional and unlawful acts, Defendant has violated and continues to violate La. R.S. §51:222.

35.  Pursuant to La. R.S. §51:222, LSU is entitled to an injunction to permanently enjoin Defendant, his successors or assigns, and all persons acting in concert with him, if any, from imitating, copying, using, or displaying LSU's Marks in violation of La. R.S. §51:222.

36.  LSU is further entitled to recover from Defendant, all profits derived from and/or all damages suffered by reason of such wrongful display of LSU's Marks that LSU has sustained and will continue to sustain as a result of Defendant's acts of infringement alleged above.

### THIRD COUNT
### DILUTION OF A FAMOUS MARK
### (15 U.S.C. §1125(c))

37.  LSU hereby reasserts and realleges each and every allegation set forth in Paragraphs 1 through 36, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

38.  By reason of the foregoing intentional and unlawful acts by the Defendant which have significantly damaged the business reputation of LSU and diluted the distinctiveness of the LSU Marks, Defendant has violated and continues to violate 15 U.S.C. §1125(c) (Federal Anti-Dilution Statute).

39.  Pursuant to 15 U.S.C. §1125(c), LSU is entitled to an injunction permanently restraining Defendant, his successors or assigns, and all persons acting in concert with him, if any, from engaging in any further use of LSU's Marks, since such use began after LSU's Marks became famous and thus caused dilution of the distinctive quality of LSU's Marks.

40.  Since Defendant willfully intended to trade upon LSU's reputation and/or to cause dilution of LSU's famous Marks, LSU is further entitled to recover from Defendant, profits and any damages

sustained by the LSU as well as the costs of the action. Pursuant to 15 U.S.C. §1117(a), the court shall assess such profits and damages or cause the same to be assessed under its direction.

## FOURTH COUNT
## INJURY TO BUSINESS REPUTATION; DILUTION
## (LA. R.S. §51.223.1)

41. LSU hereby reasserts and realleges each and every allegation set forth in Paragraphs 1 through 40, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

42. Additionally, Defendant has intentionally and unlawfully injured LSU's reputation and has diluted the distinctive quality of LSU's Marks such that Defendant has violated and continues to violate La. R.S. §51:223.1 (Louisiana Anti-Dilution Statute).

43. Pursuant to La. R.S. §51:223.1, LSU is entitled to injunctive relief permanently restraining Defendant, his successors or assigns, and all persons acting in concert with him, if any, from engaging in any use of LSU's Marks.

## FIFTH COUNT
## UNAUTHORIZED USE OF AN EDUCATIONAL INSTITUTION'S MARK
## (LA. R.S. §51:224)

44. LSU hereby reasserts and realleges each and every allegation set forth in Paragraphs 1 through 43, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

45. Without LSU's express written consent, Defendant is unlawfully using names, symbols, and logos resembling the official name, symbol, and logo of LSU, a public accredited educational institution.

46. By reason of the foregoing intentional and unlawful acts, Defendant has violated and continues to violate La. R.S. §51:224.

47. Pursuant to La. R.S. §51:224, LSU is entitled to an injunction permanently restraining Defendant, his successors or assigns, and all persons acting in concert with him, if any, from engaging in any further such acts in violation of La. R.S. §51:224.

48. Since Defendant knowingly violated La. R.S. §51:224, LSU is further entitled to damages including an award of all profits derived from the said violation, if any, and termination of any operations involving the unauthorized use of LSU's Marks, and destruction of any items bearing any LSU name, work, symbol, or device in violation of La. R.S. §51:224.

### SIXTH COUNT
### FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION
### (15 U.S.C. §1125(a))

49. LSU hereby reasserts and realleges each and every allegation set forth in Paragraphs 1 through 48, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

50. The use by Defendant of LSU's Marks is a knowing use of a false designation of origin and a false description or representation that wrongly or falsely designates the services offered by Defendant as originating from or otherwise affiliated with LSU and constitutes an unlawful use of false descriptions or representations in interstate commerce.

51. In addition to the economic and financial losses suffered by LSU, the Defendant's imitation, copying, and unauthorized use of LSU's Marks has caused and continues to cause irreparable injury

to LSU, including injury to its business reputation and dilution of the distinctive quality of LSU's Marks.

52. By reason of the foregoing intentional and unlawful acts, Defendant has violated and continues to violate 15 U.S.C. §1125(a).

53. Pursuant to 15 U.S.C. §1116, LSU is entitled to an injunction permanently restraining Defendant, his successors or assigns, and all persons acting in concert with him, if any, from engaging in any further such acts in violation of 15 U.S.C. §1125(a).

54. Pursuant to 15 U.S.C. §1117, LSU is further entitled to recover from Defendant, any damages and lost profits that LSU has sustained and will continue to sustain, including attorney's fees and all costs, and any gains, profits and advantages obtained by Defendant as a result of Defendant's acts of infringement alleged above.

## SEVENTH COUNT
## UNFAIR TRADE PRACTICES
(LA. R.S. §51:1401 *et seq.*)

55. LSU hereby reasserts and reallges each and every allegation set forth in Paragraphs 1 through 54, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

56. Defendant's unfair and deceptive conduct has caused and will continue to cause LSU substantial financial losses, including dilution of its goodwill, injury to its reputation, and diminution of the value of its products. In addition, Defendant's continuing infringement of LSU's registered marks constitutes a loss of property to LSU and is therefore in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 *et seq.*

57.     Pursuant to La. R.S. §51:1409, LSU is entitled to recover from Defendant the actual damages, including attorneys' fees, it has sustained and will continue to sustain as a result of Defendant's unfair and deceptive trade practices, all as alleged above.

**WHEREFORE**, petitioner, Board of Supervisors of Louisiana State University Agricultural and Mechanical College prays for judgment as follows:

### ON THE FIRST AND SECOND COUNTS

58.     That after due proceeding be had, Defendant be permanently enjoined pursuant to 15 U.S.C. §1114 from directly or indirectly infringing LSU's Marks and be enjoined from any further acts of trademark infringement, and furthermore, be permanently enjoined from using, incorporating, and/or displaying, as part of the "lsulaw.com" site or otherwise, LSU's Marks;

59.     That, pursuant to 15 U.S.C. §1114 and La. R.S. §51:222, Defendant be ordered to pay LSU all damages that LSU has sustained and will continue to sustain as a result of Defendant's willful and knowing acts of infringement alleged above; and

60.     That LSU be awarded such other and further relief as this Court deems just and proper.

### ON THE THIRD AND FOURTH COUNTS:

61.     (i) That after due proceeding be had Defendant be permanently enjoined pursuant to 15 U.S.C. §1125(c) and La. R.S. §51:223.1 from promoting, offering or providing any services which utilizes or violates LSU's rights in its proprietary marks;

(ii) That Defendant, his successors or assigns, and all those persons acting in concert or participation with Defendant, if any, be permanently enjoined from engaging in any further commercial uses of LSU's Marks pursuant to U.S.C. §1125(c) and La. R.S. §51:223.1;

(iii) That LSU be awarded such other and further relief as this Court deems just and proper.

## ON THE FIFTH COUNT:

62.	(i) That after due proceeding be had, Defendant, his successors or assigns, and all those persons acting in concert or participation with him, if any, be permanently enjoined pursuant to La.R.S. §51:224, from using, adopting and/or otherwise unlawfully incorporating LSU Marks, logos and symbols in violation of La. R.S. §51:224;

(ii) That, pursuant to La. R.S. §51:224, LSU be awarded appropriate damages including an award of all profits derived from the said violation of La. R.S. §51:224;

(iii) That LSU be awarded such other and further relief as this Court deems just and proper.

## ON THE SIXTH COUNT:

63.	(i) That after due proceeding be had, Defendant, his successors or assigns, and all those persons acting in concert or participation with him, if any, be permanently enjoined pursuant to 15 U.S.C. §1116, from engaging in any further such acts in violation of 15 U.S.C. §1125(a);

(ii) LSU is further entitled to recover from Defendant, any damages and lost profits that LSU has sustained and will continue to sustain, including attorney's fees and all costs, and any gains, profits and advantages obtained by defendant as a result of Defendant's acts of infringement alleged above;

(iii) That LSU be awarded such other and further relief as this Court deems just and proper.

## ON THE SEVENTH COUNT:

64.	(i) Pursuant to La. R.S. §51:1409, LSU is entitled to recover from Defendant the actual damages, including attorneys' fees, it has sustained and will continue to sustain as a result of defendant's unfair and deceptive trade practices, all as alleged above;

(ii) That LSU be awarded such other and further relief as this Court deems just and proper.

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By: *Marc Whitfield*
Marc S. Whitfield, T.A., #~~14352~~ 18534
Ryan N. Ours, #27735
P.O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Fax: (225) 346-8049

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was this date served upon Defendant by placing a copy of same in the United States Mail, postage prepaid, and sent to his last known address as follows:

Douglas Dorhauer
8001 Jefferson Hwy., Apt. 131
Baton Rouge, LA 70809
(225) 926-8429

Baton Rouge, Louisiana this 18th day ~~of April,~~ 2002.

Marc S. Whitfield, T.A., #14352
Ryan N. Ours, #27735
TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.
P.O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Fax: (225) 346-8049

#149250v1<BR> -LSU-lsulaw.com-trademark complaint.wpd





Nº 1331940

# THE UNITED STATES OF AMERICA

### CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twenty-third day of April, 1985.

Acting Commissioner of Patents and Trademarks



Int. Cls.: **12, 14, 15, 16, 18, 20, 24, 25, 26, 28 and 41**

Prior U.S. Cls.: **19, 22, 27, 32, 36, 37, 39, 40, 41, 50 and 107**

Reg. No. 1,331,940

**United States Patent and Trademark Office**  Registered Apr. 23, 1985

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

### LSU

LOUISIANA STATE UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE (LOUISIANA CORPORATION)
BATON ROUGE, LA 70803

   FOR: LICENSE PLATES, IN CLASS 12 (U.S. CL. 19).
   FIRST USE 9-28-1982; IN COMMERCE 9-28-1982.
   FOR: WALL CLOCK SHAPED TO RESEMBLE THE STATE OF LOUISIANA, IN CLASS 14 (U.S. CL. 27).
   FIRST USE 9-28-1982; IN COMMERCE 9-28-1982.
   FOR: MUSIC BOX-KEY CHAIN, IN CLASS 15 (U.S. CL. 36).
   FIRST USE 9-28-1982; IN COMMERCE 9-28-1982.
   FOR: WRITING TABLETS AND PLAYING CARDS, IN CLASS 16 (U.S. CLS. 22 AND 37).
   FIRST USE 9-28-1982; IN COMMERCE 9-28-1982.
   FOR: BROCABRELLA—NAMELY, AN UMBRELLA TO BE WORN ON THE HEAD, AND AN UMBRELLA, IN CLASS 18 (U.S. CL. 41).
   FIRST USE 9-28-1982; IN COMMERCE 9-28-1982.
   FOR: STADIUM CUSHION, STADIUM CHAIR SEAT, AND A COCKERSTOOL-FOOTSTOOL, IN CLASS 20 (U.S. CL. 32).
   FIRST USE 9-28-1982; IN COMMERCE 9-28-1982.

   FOR: CLOTH PENNANTS, IN CLASS 24 (U.S. CL. 50).
   FIRST USE 9-28-1982; IN COMMERCE 9-28-1982.
   FOR: PONCHOS, VISORS, COACHING CAPS, SWEATSHIRTS, FOOTBALL JERSEYS, AND SPORT SHIRTS, IN CLASS 25 (U.S. CL. 39).
   FIRST USE 9-28-1982; IN COMMERCE 9-28-1982.
   FOR: BELT BUCKLES, IN CLASS 26 (U.S. CL. 40).
   FIRST USE 9-28-1982; IN COMMERCE 9-28-1982.
   FOR: CHRISTMAS TREE ORNAMENTS, FOOTBALL HELMETS, THREE-DIMENSIONAL CUBE TYPE PUZZLES, AND SPIRIT HANDS-NAMELY A NOVELTY ITEM CONSISTING OF A STYROFOAM ENLARGED HAND, IN CLASS 28 (U.S. CLS. 22 AND 50).
   FIRST USE 9-28-1982; IN COMMERCE 9-28-1982.
   FOR: EDUCATIONAL SERVICES—NAMELY, PROVIDING INSTRUCTION AT THE COLLEGE LEVEL, IN CLASS 41 (U.S. CL. 107).
   FIRST USE 0-0-1902; IN COMMERCE 0-0-1902.

   SER. NO. 393,879, FILED 9-29-1982.

MICHELLE S. WISEMAN, EXAMINING ATTORNEY

| LSULAW.com | ABOUT | LINKS | CALENDAR | SEARCH | CONTACT | NOTICE |

**Quick Links**

Quick Links | - Select a destination - ▼



| Spring 2002 Exam Schedule |



EXHIBIT 2

**LSULAW.com Under Attack!**
Click here to find out more about this site's legal battles

--- **Events Coming up at the Law Center** ---



English Web Portal

**By the numbers**

Exams Start
Apr. 22 (5 days)

2002 Graduates:
May 23 (36 days)

2003 Graduates:
May 29 (407 days)

**LSU Law School**
- administration
- admissions
- academics
- career
- alumni
- library
- cle

**Logon to PAWS**

**LSU Law School**

- administration
- admissions
- academics
- career
- alumni
- library
- cle

**Google.com**

**FindLaw.com**

**Oyez Project**

**Supreme Court**

**Logon to PAWS**

---

**Contact Us**

Click here to figure out how your grades compare to the old "89" system at the LSU Law Center.

Click here for more information this site's legal battles.

What You've Been Searching For...

Not affiliated with the Paul M. Hebert School of Law

http://www.lsulaw.com/                                              4/17/2002