FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2002 MAY 21 ⋛ 3: 40

SIGN_____
BY DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BOARD OF SUPERVISORS OF** | : | **CIVIL ACTION NO. 02-393** |
| **LOUISIANA STATE UNIVERSITY** | : | |
| **AND AGRICULTURAL AND** | : | |
| **MECHANICAL COLLEGE** | : | **DIVISION "B"** |
| | : | |
| **VERSUS** | : | |
| | : | **MAGISTRATE 2** |
| **DOUGLAS DORHAUER** | : | |

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes the BOARD OF

SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND

MECHANICAL COLLEGE, a Louisiana constitutional corporation (hereinafter sometimes referred

to as the "LSU System"), with the direction, control, supervision and management of Louisiana

State University and Agricultural and Mechanical College and each of its respective campuses and

colleges, including the Baton Rouge campus of Louisiana State University and Agricultural and

Mechanical College, which includes the Paul M. Hebert Law Center (hereinafter collectively

referred to as "LSU"), who, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

respectfully supplements and amends its Complaint previously filed in this matter as follows:



| INITIALS | DOCKET# |
|---|---|

1.

LSU re-avers all allegations contained in its original Complaint as if copied herein *in extenso*.

2.

LSU hereby asserts and incorporates the following additional counts and corresponding sub-paragraphs at the conclusion of Paragraph 57 to read in their entirety as follows:

## EIGHTH COUNT
## CYBERPIRACY
### (15 U.S.C. §1125(d))

57(a).   LSU System hereby reasserts and realleges each and every allegation set forth in Paragraphs 1 through 57, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

57(b).   Defendant's bad faith intent to profit through registration and use of a domain name that is confusingly similar to LSU's preexisting distinctive and famous mark is in violation of 15 U.S.C. §1125(d)(1)(A).   In addition, Defendant's bad faith intent to profit through the registration and use of a domain name that is confusingly similar to and dilutive of LSU's preexisting famous mark is in violation of 15 U.S.C. §1125(d)(1)(A).

57(c).   Pursuant to 15 U.S.C. §1125(d)(1)(C), LSU is entitled to an order directing Defendant to forfeit or cancel the ""lsulaw.com"" domain name, or to transfer the infringing domain name to LSU.

57(d).   Pursuant to 15 U.S.C. §1116, LSU is entitled to an injunction permanently restraining Defendant, his successors and/or assigns, and all persons acting in concert with him, if any, from engaging in any further such acts in violation of 15 U.S.C. §1125(d)(1)(A).

-2-

57(e).  Pursuant to 15 U.S.C. §1117(d), LSU is entitled to an award of statutory damages in the amount of not less than $1,000 and not more than $100,000, as the court considers just.

### NINTH COUNT
### TRADE DRESS INFRINGEMENT
### (15 U.S.C. §1125(a))

57(f).  LSU hereby reasserts and realleges each and every allegation set forth in Paragraphs 1 through 57(e), inclusive, and by this reference fully incorporates the same as though fully set forth herein.

57(g).  The use by Defendant of LSU's Marks in conjunction with LSU's signature colors, symbols, and links to LSU's own websites, combines to create an overall image of Defendant's website service which has caused actual confusion and is likely to cause confusion, mistake, and/or deception as to the affiliation, connection, or association of Defendant's website with LSU.

57(h).  In addition, the use by Defendant of LSU's Marks in conjunction with LSU's signature colors, symbols, and links to LSU's own website is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's services by LSU.

57(i).  By reason of the foregoing intentional and willful acts, Defendant has violated and continues to violate 15 U.S.C. §1125(a)(1)(A).

57(j).  Pursuant to 15 U.S.C. §1116, LSU is entitled to an injunction permanently restraining Defendant, his successors or assigns, and all persons acting in concert with him, if any, from engaging in any further such acts in violation of 15 U.S.C. §1125(a)(1)(A).

57(k).  Pursuant to 15 U.S.C. §1117, LSU is further entitled to recover from Defendant, any damages and lost profits that LSU has sustained and will continue to sustain, including attorney's fees and all

costs, and any gains, profits and advantages obtained by Defendant as a result of Defendant's acts of infringement alleged above.

3.

LSU hereby supplements and amends its prayer for relief to include the following additional paragraphs:

## ON THE EIGHTH COUNT:

65. (i) That after due proceeding be had Defendant be ordered to forfeit or cancel the "lsulaw.com" domain name, or transfer the domain name to LSU pursuant to 15 U.S.C. §1125(d)(1)(C).

(ii) That after due proceeding be had, Defendant, his successors and/or assigns, and all those persons acting in concert or participation with him, if any, be permanently enjoined pursuant to 15 U.S.C. §1116, from engaging in any further such acts in violation of 15 U.S.C. §1125(d).

(iii) That LSU be awarded statutory damages in an amount that the Court considers just pursuant to 15 U.S.C. §1117(d), and such other relief as the Court deems just and proper.

## ON THE NINTH COUNT:

66. (i) That after due proceeding be had Defendant, his successors and/or assigns, and all those persons acting in concert or participation with him, if any, be permanently enjoined pursuant to 15 U.S.C. §1116, from engaging in any further such acts in violation of 15 U.S.C. §1125(a)(1)(A).

(ii) That after due proceeding be had LSU be awarded any damages or lost profits that LSU has sustained and will continue to sustain, including attorney's fees and all costs, and any gains, profits and advantages obtained by Defendant pursuant to 15 U.S.C. §1117.

(iii) That LSU be awarded such other and further relief as this Court deems just and proper.

-4-

By Attorneys,

TAYLOR,  PORTER,  BROOKS  &  PHILLIPS  L.L.P.

By: *Marc Whitfield*

Marc S. Whitfield, T.A., #14352
Ryan N. Ours, #27735
P.O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Fax: (225) 346-8049

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was this date served upon Defendant by placing a copy of same in the United States Mail, postage prepaid, and sent to his last known address as follows:

Douglas Dorhauer
8001 Jefferson Hwy., Apt. 131
Baton Rouge, LA 70809
(225) 926-8429

Baton Rouge, Louisiana this 21st day of May, 2002.

Marc S. Whitfield, T.A., #14352
Ryan N. Ours, #27735
TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.
P.O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Fax: (225) 346-8049

#156857v2<BR> -Amended Complaint-LSU.wpd